Segundo Rodríguez Muñoz, Petitioner and Appellant, *v.* Gerardo Delgado, Warden, etc., Defendant and Appellee.

No. AP-66-24.    Decided March 20, 1967.

*Enrique Miranda Merced, Edna Abruña Rodríguez,* and *E. Armstrong de Watlington* for petitioner.

PER CURIAM: In August 1954 appellant was convicted by a jury and sentenced for the commission of a crime of murder in the second degree, another of murder in the first degree, and two others for attack to commit homicide. Besides, he was sentenced for two violations (misdemeanors) of the Weapons Law.

He appealed from all the judgments and by separate orders of September 27, 1954, at his request, we considered his petitions for appeal abandoned.

In June 1965 we issued writ of habeas corpus so that the legality of appellant's imprisonment be investigated in the Superior Court. After the corresponding hearing, the Ponce

Part of the Superior Court denied the petition. Petitioner appealed before this Court. We referred the case to the Legal Aid Society to give him legal aid in this appeal.

On September 13, 1966 the above-mentioned Society submitted a report maintaining that no errors entailing the reversal of the judgment appealed from were committed. In view of said report, we granted appellant a term to present a brief, if he deemed it convenient, which he has not done.

The petition for habeas corpus was based on the fact that (1) a confession, which was used against him, was elicited from the defendant by means of violence, having been attacked in the police station, and (2) he was not warned as to his right to have legal assistance in the investigating stage of the proceeding. In support of these facts he presented as the only evidence his own testimony.

On its part the People introduced the testimony of Mr. Julio Fernández Cabrera, who was the prosecuting attorney who received defendant's confession. He testified, in synthesis, that he did not advise the defendant as to his right to be assisted by counsel or by some of his relatives, and that the defendant did not request it either; that he knows that the defendant was not attacked because he was with the defendant from the time the latter was arrested until he was imprisoned; that the defendant was not wounded; that he warned defendant that his testimony should be voluntary, that anything he stated could be used against him; that he asked him whether he had been threatened and he answered no; that the defendant testified voluntarily; that when the defendant was arrested in a sugarcane plantation the witness was present and from there he was taken to the police station and in front of some newspapermen he gave him the warnings and it was then that the defendant made his statement.

■ The evidence was conflicting as to whether or not the defendant was attacked in the police station to make him

confess. The trial judge settled the conflict giving full credit to Mr. Fernández Cabrera. There is nothing in the record to justify our disturbing on appeal the weighing of the evidence made by the trial judge. *People* v. *Figueroa Santiago*, 93 P.R.R. 151 (1966); *Laureano Maldonado* v. *Superior Court*, 92 P.R.R. 368 (1965); *People* v. *Pinto Medina*, 90 P.R.R. 570 (1964); *People* v. *Santana*, per curiam decision of June 1, 1964; *People* v. *Santos Vázquez*, 89 P.R.R. 86 (1963).

■ The trial against the defendant having been held in the year 1954, the defense of lack of legal assistance in the investigating stage of the proceeding or the absence of the warning of that right was not available to him. *Rivera Escuté* v. *Delgado, Warden*, 92 P.R.R. 746 (1965); *People* v. *Adorno Lorenzana*, 93 P.R.R. 768 (1966).

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.